IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER**<br>1519 New Hampshire Ave, N.W.<br>Washington, D.C. 20036,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**CYBERSECURITY AND INFRASTRUCTURE SECURITY AGENCY**<br>CISA Mailstop – 0630<br>Department of Homeland Security<br>1100 Hampton Park Blvd.<br>Capitol Heights, MD 20743-0630,<br><br>　　　Defendant. | Civil Action No. 25-1765 |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by the Plaintiff Electronic Privacy Information Center ("EPIC") from Defendant Cybersecurity and Infrastructure Security Agency ("CISA").

2. EPIC challenges CISA's denial of EPIC's Freedom of Information Act request ("EPIC's FOIA Request") for an unclassified but unpublished report commissioned by CISA, a component of the Department of Homeland Security ("DHS"), regarding the security of communications networks, specifically the Signaling System 7 ("SS7") protocol.

3. EPIC challenges the untimely response to EPIC's appeal of that agency's denial.

4. EPIC now seeks an injunctive order requiring disclosure, as soon as practicable, of the report.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552 (a)(4)(B). This Court has personal jurisdiction over Defendant CISA.

6.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

7.     Plaintiff EPIC is a nonprofit organization, incorporated in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPIC's mission is oversight and analysis of government activities. EPIC's Advisory Board includes distinguished experts in law, technology, public policy, and cybersecurity. EPIC routinely disseminates information to the public through the EPIC website, the EPIC Alert newsletter, and various other news organizations. EPIC is a representative of the news media. EPIC v. DOD, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

8.     Defendant CISA is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C.

**Facts**

*CISA Commissioned a Timely, Unclassified Report on SMS Security*

9.     CISA is a component of DHS tasked in part with identifying and managing risk to America's cyber and physical infrastructure and working to build a more secure and resilient infrastructure for the future.[1]

10.    Signaling System 7 (SS7) is a global standard signaling protocol used for telecommunications traffic for most of the world's Public Switched Telephone Network (PSTN) calls.[2]

---

[1] "About CISA", https://www.cisa.gov/about (last visited Apr. 21, 2025).
[2] U.S. Dep't of Homeland Security, *Study on Mobile Device Security* 53 (April 2017), https://www.dhs.gov/sites/default/files/publications/DHS%20Study%20on%20Mobile%20Device%20Security%20-%20April%202017-FINAL.pdf.

11.     Significant weaknesses in SS7 have been known for more than a decade, including the ability to determine the physical location of the device, disrupt phone service, intercept or block text messages, and redirect or eavesdrop on voice conversations.[3]

12.     This is likely true even where networks have been upgraded, as devices will often switch to older network protocols when making phone calls or during SMS transmission.[4]

13.     On February 29, 2024, Sen. Ron Wyden noted in a published letter regarding the SS7 vulnerability and the related commissioned CISA report that:

> "In addition to not taking responsibility for this problem [the wireless industry's failures to protect subscribers from the SS7 vulnerability], CISA is actively hiding information about it from the American people. The agency commissioned an independent expert report on this topic in 2022 which it permitted my staff to read at CISA's office in the fall of 2023. CISA refuses to publicly release this unclassified report, which includes details that are relevant to policymakers and Americans who care about the security of their phones."[5]

14.     America's communication infrastructure continues to be in dire condition, and citizens should be empowered with information about what risks their smartphones may present and how to mitigate those risks, such as this unclassified yet unpublished CISA report would provide.

15.     On April 9, 2025, Sen. Wyden again addressed this CISA report, describing its contents as outside the scope of deliberative process privilege, noting during the nomination of Sean Plankey to be director of CISA that:

> "this report is a technical document containing factual information about U.S. telecom security. The report does not recommend or discuss specific policy options that CISA could take to address this threat. As such, this report contains important factual information that the public has a right to see and CISA should stop withholding the entire report under a purported 'deliberative process privilege' claim."[6]

---

[3] *Id*.

[4] Positive Technologies, *Next Generation Networks, Next-Level Cybersecurity Problems* 3 (2017), *available at* https://web.archive.org/web/20220816094825/https://www.ptsecurity.com/upload/iblock/a8e/diameter_research.pdf; Positive Technologies, *Diameter Vulnerabilities Exposure Report* 6-7 (2018), *available at* https://www.gsma.com/get-involved/gsma-membership/wp-content/uploads/2018/09/Diameter-2018-eng.pdf.

[5] Letter from Ron Wyden, U.S. Senator, to Joseph Biden, President of the United States at 2 (Feb. 29, 2024), https://www.wyden.senate.gov/imo/media/doc/wyden-phone-hacking-letter-to-president-biden.pdf.

[6] Nomination of Sean Plankey, 171 Cong. Rec. Vol. 64 at S2508 (Apr. 9, 2025), https://www.congress.gov/congressional-record/volume-171/issue-64/senate-section/article/S2508-2.

### *EPIC's FOIA Request and Exhaustion of Administrative Remedies*

16. On March 12, 2024, EPIC submitted EPIC's FOIA Request to DHS's Privacy Office, which is responsible for fielding FOIA inquiries, via email.

17. EPIC's FOIA Request sought the aforementioned unclassified report commissioned by CISA, a component of DHS, as well as any appendices or other attachments.

18. EPIC sought expedited processing under 5 U.S.C. § 552(a)(6)(E)(i)(I), 552(a)(6)(E)(v)(II), and 6 C.F.R. § 5.5(e)(1)(ii).

19. EPIC sought "news media" fee status under 5 U.S.C. § 552(a)(4)(A)(ii)(II). EPIC sought a waiver of duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(d)(1), 5.11(k).

20. EPIC received an email on March 19, 2024 from foia@hq.dhs.gov acknowledging receipt of the FOIA request and designating it "CISA FOIA 2024-NPFO-00295."

21. EPIC followed up via email on April 11, 2024; later that same day the DHS FOIA office indicated that the request was tasked to a program office but that the request was still in processing. EPIC followed up via email again on May 21, 2024; on May 22, 2024, the DHS FOIA office indicated that "[t]he status of this request is the same as the previous email, it has been tasked to a program office for record search." EPIC followed up via email again on June 21, 2024 and received no reply. EPIC followed up via email again on November 13, 2024 and received no reply. EPIC followed up via email again on November 15, 2024; later that same day the DHS FOIA office indicated that the located records were under final review and that EPIC should receive a final response the following week.

22. On November 19, 2024, DHS responded to EPIC with DHS's Nov. 19th Letter, which in relevant part stated that:

> "I have determined that the 111 pages are withheld in their entirety pursuant to Title 5 U.S.C. § 552 Exemption Code: (b)(5), FOIA Exemption 5… After carefully reviewing the responsive documents, I determined that the responsive documents qualify for protection under the Deliberative Process Privilege….The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel."[7]

23. DHS's Nov. 19th Letter did not include any reference to EPIC's requests for expedited processing or "news media" fee status.

24. On December 19, 2024, EPIC filed an appeal ("EPIC's Appeal") under 5 U.S.C. § 552(a)(6)(A) via email.

25. In EPIC's Appeal, EPIC noted that CISA did not explain how an unclassified report commissioned by outside experts would implicate the opinions of agency personnel, that CISA merely asserted conclusory terms about the entirety of every page of the withheld report rather than explaining how they were predecisional or part of a deliberative process, or why there was no reasonably segregable non-exempt factual material.

26. In EPIC's Appeal, EPIC noted that under 5 U.S.C. § 552(a)(6)(A)(ii), the agency is obligated to reply within twenty working days.

27. On February 5, 2025, EPIC sent a follow up email to foia@hq.dhs.gov requesting a decision on the appeal or failing that a status update on the appeal process. In the email, EPIC included USPS certified mail confirmation of the agency's receipt of EPIC's Appeal as of December 20, 2024 and again noted the 20 business day window that had already expired by that point. EPIC received no response to this email.

28. On February 13, 2025, EPIC sent a second follow up email, re-iterating its request for a decision or a status update.

---

[7] 2024-NFPO-00295 Final Response Letter from Gregory Bridges, Sr. Dir. FOIA Operations and Management, to EPIC, at 1 (Nov. 19, 2024).

29.    EPIC received an email on March 10, 2025 from foia@hq.dhs.gov acknowledging receipt of EPIC's Appeal and designating it "FOIA 2025-HQAP-00334."

30.    On May 8, 2025, EPIC sent a third follow up email, re-iterating its request for a decision or a status update.

31.    On May 13, 2025, DHS responded to EPIC via email, which in relevant part stated that: "Your appeal request is currently pending review and assignment to a judge for a decision to be made."[8]

## Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

32.    Plaintiff asserts and incorporates by reference paragraphs 1-31.

33.    Defendant CISA has failed to make a determination on EPIC's FOIA Appeal for more than 110 working days.

34.    Defendant CISA has failed to make a determination on EPIC's FOIA Appeal for more than 60 working days after sending EPIC its acknowledgment letter.

35.    Defendant CISA has thus violated the 20-working-day deadline under 5 U.S.C. § (a)(6)(A)(i).

36.    Defendant CISA has failed to make a determination on EPIC's request for expedited processing for more than 365 calendar days. CISA has thus violated the 10-calendar-day deadline under § 552(a)(6)(E)(ii)(I).

37.    As Defendant CISA has "fail[ed] to comply with the applicable time limit provisions," Plaintiff has constructively exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

---

[8] Email from Claudia Cisneros, Government Information Specialist, U.S. DHS Privacy Office, to EPIC (May 13, 2025, 11:49 am ET).

## Count II

### Violation of FOIA: Failure to Grant Request for Expedited Processing

38. Plaintiff asserts and incorporates by reference paragraphs 1-31.

39. Defendant CISA has failed to make a determination on EPIC's expedited processing requests for more than 365 calendar days. Defendant CISA's failure to "respond in a timely matter" to EPIC's expedited processing requests and grant Plaintiff's requests for expedited processing violated the FOIA statute. 5 U.S.C. § 552(a)(6)(E)(iii).

40. Plaintiff may obtain injunctive relief regarding an agency determination on EPIC's request for expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii); 5 U.S.C. § 552(a)(4).

## Count III

### Violation of FOIA: Unlawful Withholding of Agency Records

41. Plaintiff asserts and incorporates by reference paragraphs 1-31.

42. Defendant CISA has wrongfully withheld agency records requested by Plaintiff.

43. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Requested Relief

44. WHEREFORE, Plaintiff requests this Court:

   a. Order Defendant to disclose promptly to Plaintiff all responsive, non-exempt records;

   b. Order Defendant to grant EPIC's requests for a fee waiver;

   c. Award EPIC costs and reasonable attorney's fees in this action; and

   d. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

           ALAN BUTLER, D.C. Bar #1012128
           EPIC President and Executive Director

           Jeramie D. Scott, D.C. Bar # 1025909
           EPIC Senior Counsel

           /s/ Christopher Frascella
           Christopher Frascella, D.C. Bar # 1780901
           EPIC Counsel

           ELECTRONIC PRIVACY
           INFORMATION CENTER
           1519 New Hampshire Avenue NW
           Washington, D.C. 20036
           (202) 483-1140 (telephone)
           (202) 483-1248 (facsimile)

Dated: June 4, 2025