UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>        Plaintiff,<br><br>        v.<br><br>CYBERSECURITY AND INFRASTRUCTURE SECURITY AGENCY,<br><br>        Defendant. | Civil Action No. 25-1765 (AHA) |

## **ANSWER**

Defendant, Cybersecurity and Infrastructure Security Agency ("CISA" or "Defendant"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff Electronic Privacy Information Center's Complaint under the Freedom of Information Act ("FOIA"). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendant respectfully refers the Court to all referenced external documents, statutes, or other sources as the best evidence of their contents. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Moreover, Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant responds to the separately numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

1. This paragraph consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff purports to file this action pursuant to the FOIA and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

2. This paragraph consists of Plaintiff's characterization of this action and of CISA's response to Plaintiff's FOIA requests to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to CISA's response for full and accurate statements of its contents and denies any allegations inconsistent with it.

3. This paragraph consists of Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

4. This paragraph consists of Plaintiff's characterization of the relief requested in this matter to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## Jurisdiction and Venue

5. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction only subject to the terms, conditions, and limitations of FOIA pursuant to 5 U.S.C. § 552(a)(4)(B), and Defendant admits that the Court has personal jurisdiction over Defendant.

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District for a properly pled FOIA action pursuant to 28 U.S.C. § 1391(e).

## Parties

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Defendant admits that CISA is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), but denies that CISA is headquartered in Washington, D.C., as CISA is headquartered in Arlington, VA.

## Facts

9. This paragraph consists of Plaintiff's characterizations of CISA's agency mission and functions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to CISA's public website (identified in footnote 1 of Paragraph 9 of the Complaint) for a full and accurate description of the agency and its activities.

10. This paragraph sets forth Plaintiff's characterization of Signaling System 7, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be deemed required, denied.

11. This paragraph sets forth Plaintiff's characterization of Signaling System 7, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be deemed required, denied.

12. This paragraph sets forth Plaintiff's characterization of Signaling System 7, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be deemed required, denied.

13. This paragraph sets forth Plaintiff's characterization of a February 29, 2024, letter from Senator Wyden, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Senator Wyden's February 29, 2024, letter for full and accurate statements of its contents and denies any allegations inconsistent with it.

14. This paragraph sets forth Plaintiff's characterization of America's communication infrastructure, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent this paragraph can be read to allege facts to which a response may be deemed required, denied.

15. This paragraph sets forth Plaintiff's characterization of April 9, 2025, remarks made by Senator Wyden, characterizations which are not relevant to the claims or defenses in this action, and to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to Senator Wyden's April 9, 2025, remarks for full and accurate statements of its contents and denies any allegations inconsistent with them.

### EPIC's FOIA Request and Exhaustion of Administrative Remedies

16. Defendant admits that Plaintiff submitted a FOIA request dated March 12, 2024, to Defendant seeking the production of records. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of its contents.

17. This paragraph contains Plaintiff's characterization of its FOIA request, and Defendant respectfully refers the Court to the request for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

18. Defendant admits.

19. Defendant admits.

20. Defendant admits that it acknowledged Plaintiff's FOIA request on March 19, 2024, and respectfully refers the Court to the acknowledgment for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

21. This is an improper compound paragraph to which no response is required. Fed. R. Civ. P. 10(b). Defendant attempts to answer to the best of its ability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.

22. Defendant admits that it responded to Plaintiff's FOIA request on November 19, 2024, and respectfully refers the Court to the letter for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

23. Defendant admits that it responded to Plaintiff's FOIA request on November 19, 2024, and respectfully refers the Court to the letter for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

24. Defendant admits Plaintiff filed an appeal on or about December 20, 2024, and respectfully refers the Court to the appeal for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

25. This paragraph contains Plaintiff's characterization of its FOIA appeal, and Defendant respectfully refers the Court to the appeal for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

26. This paragraph contains Plaintiff's characterization of its FOIA appeal, and Defendant respectfully refers the Court to the appeal for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.

29. Defendant admits that it acknowledged Plaintiff's FOIA appeal on March 10, 2025, and respectfully refers the Court to the acknowledgment for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.

31. Defendant admits that it responded to Plaintiff on May 13, 2025, and respectfully refers the Court to the response for full and accurate statements of its contents, and Defendant denies any allegations inconsistent therewith.

### Count I

**Violation of FOIA: Failure to Comply with Statutory Deadlines**

32. Defendant realleges and reincorporates its responses to paragraphs 1-31 of the Complaint.

33. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

34. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

35. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

36. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

37. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

## Count II

### Violation of FOIA: Failure to Grant Request for Expedited Processing

38. Defendant realleges and reincorporates its responses to paragraphs 1-31 of the Complaint.

39. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

40. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

## Count III

### Violation of FOIA: Unlawful Withholding of Agency Records

41. Defendant realleges and reincorporates its responses to paragraphs 1-31 of the Complaint.

42. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

43. This paragraph constitutes legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

## REQUESTED RELIEF

The remainder of the Complaint consists of Plaintiff's Requested Relief, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations in the Requested Relief and denies that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

To the extent the agency has potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a, or which is excluded by law from release.

## THIRD DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

## FOURTH DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time to complete processing of Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

## FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

| | |
|---|---|
| Dated: July 7, 2025<br>Washington, DC | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By: /s/ *Douglas C. Dreier*<br>DOUGLAS C. DREIER, D.C. Bar #1020234<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2551<br><br>*Attorneys for the United States of America* |